UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua H., | Case No. 18-cv-3357 (SRN/TNL) |
| Petitioner, | |
| v. | |
| William Barr, *Attorney General*;[1] | **REPORT &** |
| Kevin McAleenan, *Acting Secretary, Department of Homeland Security*;[2] | **RECOMMENDATION** |
| Matthew Albence, *Acting Director of U.S. Immigration and Customs Enforcement*;[3] | |
| and | |
| Peter Berg, *ICE Field Office Director*, | |
| Respondents. | |

Joshua H., Kandiyohi County Jail, 2201 23rd Street Northeast, Suite 101, Wilmar MN 56201 (pro se Petitioner); and

Ana H. Voss, Ann M. Bildtsen, and Pamela Merentette, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents William Barr, Kevin McAleenan, Matthew Albence, and Peter Berg).

---

[1] The Court has substituted William Barr, the current Attorney General, for Jefferson B. Sessions III. *See* Fed. R. Civ. P. 25(d).
[2] The Court has substituted Kevin McAleenan, the Acting Secretary of the Department of Homeland Security, for Kirstjen Nielsen. *See* Fed. R. Civ. P. 25(d).
[3] The Court has substituted Matthew Albence, the current Acting Director of ICE, for Ronald Vitiello. *See* Fed. R. Civ. P. 25(d).

1

## I.  INTRODUCTION

This matter comes before the Court on Petitioner Joshua H.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Pet., ECF No. 1. This matter has been referred to the undersigned for a Report and Recommendation to the Honorable Susan Richard Nelson, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the Petition be denied without prejudice.

## II.  BACKGROUND

Petitioner is a native and citizen of Liberia. Ex. A to Decl. of Angela Minner, ECF No. 7-1. Petitioner entered the United States in 1999 as a refugee and subsequently became a lawful permanent resident. Minner Decl. ¶¶ 5-6, ECF No. 7. In 2009, following his conviction for second-degree assault, Immigrations and Custom Enforcement ("ICE") detained Petitioner and commenced removal proceedings against him. Minner Decl. ¶ 13, ECF No. 7. In March 2010, an Immigration Judge ordered Petitioner removed to Liberia. Minner Decl. ¶ 14, ECF No. 7. Petitioner waived appeal of that decision. Minner Decl. ¶ 14, ECF No. 7.

Approximately four months later, ICE released Petitioner on an order of supervision because the Liberian Embassy was not conducting interviews or issuing travel documents on a regular basis. Minner Decl. ¶ 15, ECF No. 7. Following his release, Petitioner was convicted of multiple criminal offenses, including an October 2015 conviction for driving while impaired ("DWI"), for which Petitioner was sentenced to 60 months of incarceration. Minner Decl. ¶ 24, ECF No. 7. Following his April 16,

2

2018 release, ICE detained Petitioner and served him with a notice of revocation of release. Minner Decl. ¶ 27, ECF No. 7. Petitioner appears to have been in immigration detention since DWI term of incarceration expired.

A few days after immigration officials detained Petitioner, ICE requested travel documents from the Liberian Embassy. Minner Decl. ¶ 28, ECF No. 7. Since then, ICE has spoken with Embassy officials at least once every 30 days regarding the status of those documents. Minner Decl. ¶ 28, ECF No. 7.

In August 2018, Embassy officials interviewed Petitioner. Minner Decl. ¶ 31, ECF No. 7. Following that interview, Embassy officials requested information regarding a administrative claim that Petitioner submitted to the Minnesota Department of Corrections for compensation for an injury he suffered while in its custody. Minner Decl. ¶ 32, ECF No. 7. Embassy officials advised that they were unlikely to issue travel documents for Petitioner while his claim was pending. Minner Decl. ¶ 32, ECF No. 7. State officials ultimately denied Petitioner's claim on May 7, 2019. ECF No. 14, p. 3. ICE subsequently notified the Embassy that Petitioner's claim had been closed. ECF No. 14, p. 3.

ICE has indicated that Petitioner's travel documents are likely to be issued and that there is a significant likelihood of removal in the reasonably foreseeable future. ECF No. 14, p. 4. In support of this assertion, ICE notes that the United States has removed a number of aliens to Liberia, and that Liberia is cooperating with the United States in issuing travel documents. Minner Decl. ¶¶ 38-41, ECF No. 7. ICE further notes that it conducts regularly meetings with Liberian Embassy officials and that it continues to

engage with the Liberian Government to secure travel documents for Petitioner. Minner Decl. ¶ 41, ECF No. 7.

### III. ANALYSIS

A person detained by the government may file a writ of habeas corpus to challenge the legality of his or her confinement and, if successful, obtain his or her release. *See Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Federal courts have jurisdiction to hear habeas challenges to the lawfulness of immigration-related detentions. 28 U.S.C. § 2241; *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The Court's jurisdiction is limited, however, to hearing challenges to the Government's "authority under the post-removal-period detention statute." *Zadvydas*, 533 U.S. at 688. The Court may not review discretionary decisions made by the immigration authorities. *Id.*; *see also* 8 U.S.C. § 1226(e).

When a final order of removal has been issued against an alien who has been found to be unlawfully present in the United States, the Government is required to remove the alien from the United States within 90 days. 8 U.S.C. § 1231(a)(1)(A). The 90-day "removal period" begins on the later of: (1) the day the removal order becomes administratively final; (2) the date of any final court order reviewing the removal order, provided that the court ordered a stay of removal; or (3) "if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B)(i)-(iii). Typically, the Government holds the alien in custody during the removal period. *Zadvydas*, 533 U.S. at 682. If the alien is removable for, among other reasons, committing an aggravated felony or a crime

involving moral turpitude, then the Government may detain the alien beyond the initial removal period or impose conditions of supervision under Section 1231(a)(3). 8 U.S.C. § 1231(a)(6) (citing 8 U.S.C. § 1227). Petitioner is one such person.

Section 1231(a)(6) does not, however, authorize indefinite detention. *See Zadvyas*, 533 U.S. at 690 (noting that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem"). Indefinite detention violates the Due Process Clause of the Fifth Amendment unless: (1) "ordered in a criminal proceeding with adequate procedural protections" or (2) "in certain special and narrow nonpunitive circumstances . . . where a special justification, such as harm-threatening mental illness, outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id*. (citations and internal quotation marks omitted). Thus, habeas relief is appropriate when "the detention in question exceeds a period reasonably necessary to secure removal." *Id*. at 699.

Detentions ordered under Section 1231(a)(6) are presumed constitutional for six months. *Id*. at 701. Following this six-month period, an alien may seek conditional release by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id*. If the alien does so, "the Government must respond with evidence sufficient to rebut that showing." *Id*. In addition, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future'" must decline. *Id*.

In this case, the parties do not dispute that Petitioner has been in post-removal detention for more than six months. In fact, Petitioner has now been detained for well

5

over a year. Therefore, under *Zadvydas*, the Court must consider whether Petitioner has provided good reason to believe that there is no likelihood of removal in the reasonably foreseeable future. 533 U.S. at 701. Based on the record, the Court cannot conclude that Petitioner has met this burden.

Typically, a petitioner can show that no significant likelihood of removal exists in five cases:

> (1) where the detainee is stateless and no country will accept him; (2) where the detainee's country of origin refuses to issue a travel document; (3) where there is no repatriation agreement between the detainee's native country and the United States; (4) where political conditions in the country of origin render removal virtually impossible; and (5) where a foreign country's delay in issuing travel documents is so extraordinarily long that the delay itself warrants an inference that the documents will likely never issue.

*Ahmed v. Brott*, No. 14-cv-5000, 2015 WL 1542131, at *4 (D. Minn. Mar. 17, 2015) *report and recommendation adopted by* 2015 WL 1542155 (D. Minn. Apr. 7, 2015). Petitioner does not establish that he falls into any of the above categories. Nor does he demonstrate any other circumstances that show the Government is unwilling or unable to effectuate his removal. The record shows that the Government has regularly removed detainees to Liberia and that it is in the process of obtaining travel documents for Petitioner. These circumstances are sufficient to show a significant likelihood of removal at this time. *See Jaiteh v. Gonzales*, No. 07-cv-1727, 2008 WL 2097592, at *2-*3 (D. Minn. Apr. 28, 2008) (concluding as such where "ICE has made diligent and reasonable efforts to obtain travel documents," the alien's native country "ordinarily accepts repatriation, and that country is acting on an application for travel documents"), *report*

*and recommendation adopted by* 2008 WL 2074163 (D. Minn. May 14, 2008). Furthermore, though it appears that Liberia was unwilling to issue Petitioner a travel document while his administrative claim related to injuries that he suffered in prison was pending, that claim has since been resolved and thus no longer is a barrier to Petitioner's removal. As a result, Petitioner can now not identify any reason, other than the short passage of time since the state denied his administrative claim, as to why his removal is likely to be delayed any further in the future. "[M]ere delay" is insufficient to warrant an inference "that a deportable alien will never be accepted by his native country." *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1367 (N.D. Ga. 2002). Accordingly, Petitioner is not entitled to relief.

The Court recommends, however, that the Petition be denied without prejudice. Circumstances may change, and if Petitioner continues to be detained without further progress made toward removal, then the passage of time may extend to the point where habeas relief is warranted. *See Zadvyas*, 533 U.S. at 701.

### IV.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED WITHOUT PREJUDICE.**.

Date: May  29  , 2019             *s/ Tony N. Leung*
                                  Tony N. Leung
                                  United States Magistrate Judge
                                  District of Minnesota

7

*Joshua H. v. Barr et al.*
Case No. 18-cv-3357 (SRN/TNL)

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).