UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua H.,<br><br>    Petitioner,<br><br>v.<br><br>William P. Barr, et al.,<br><br>    Respondents. | Case No. 18-cv-3357 (SRN/TNL)<br><br>**AMENDED<br>MEMORANDUM OPINION<br>AND ORDER** |

Joshua H., 075-073-062, Kandiyohi County Jail, 2201 23rd Street Northeast, Suite 101, Willmar, MN 56201, pro se.

Ana H. Voss, Ann M. Bildtsen, & Pamela Marentette, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Respondents.

SUSAN RICHARD NELSON, United States District Judge

    This matter comes before the Court on the objections ("Objections") [Doc. No. 17] of Petitioner Joshua H. to Magistrate Judge Tony N. Leung's Report and Recommendation ("R&R") [Doc. No. 16] recommending that this Court deny Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] without prejudice. For the reasons stated below, the Court overrules Petitioner's objections, adopts the R&R in full, and denies the Petition without prejudice.

**I.    Background**

    Petitioner is originally from, and is a citizen of, Liberia. (Decl. of Angela Minner, Ex. A [Doc. No. 7-1] at 1.) On March 3, 1999, Petitioner entered the United States as a refugee. (Decl. of Angela Minner [Doc. No. 7] ¶ 5.) Three years later, Petitioner became

1

a lawful permanent resident. (*Id.* ¶ 6.) In 2009, Petitioner was convicted of second-degree assault, which led Immigrations and Custom Enforcement ("ICE") officials to detain Petitioner and commence removal proceedings against him. (*Id.* ¶ 13.) In March 2010, an Immigration Judge ordered Petitioner removed to Liberia and Petitioner did not appeal that decision. (*Id.* ¶ 14.)

In June 2010, Petitioner was released on an Order of Supervision as the Embassy of Liberia was not conducting interviews or issuing travel documents to ICE on a regular basis. (*Id.* ¶ 15.) Five years later, Petitioner was convicted of a number of criminal offenses, including an October 2015 conviction for driving while impaired ("DWI"). (*Id.* ¶ 16–25.)

After Petitioner served his sentence and was released from prison on April 16, 2018, he was detained by ICE and served with a notice of revocation of release. (*Id.* ¶ 27.) He has continued to be held in immigration detention since his DWI term of incarceration expired. (R&R at 3.) ICE has requested travel documents from the Liberian Embassy and followed up at least once every 30 days regarding the status of those documents. (Decl. of Angela Minner ¶ 28.)

In August 2018, a Liberian Embassy official interviewed Petitioner. (*Id.* ¶ 32.) Subsequently, Embassy officials requested information concerning an administrative claim he made to the Minnesota Department of Corrections in connection with an injury he suffered in custody. (*Id.*) Embassy officials then indicated that they would be unlikely to issue travel documents while the claim was pending. (*Id.*) The claim was formally denied on May 7, 2019 and ICE notified the Embassy of that decision soon thereafter.

(Resp.'s Letter to Mag. Judge [Doc. No. 14] at 3.)

ICE has indicated that Petitioner's travel documents are likely to be issued soon and there is a significant likelihood of removal in the near future. (*Id.* at 4.) ICE is continuing to regularly contact the Embassy officials to secure travel documents for Petitioner. (Decl. of Angela Minner ¶ 41.)

Petitioner filed the instant Petition on December 10, 2018. In it, he argues that he has been held for too long in immigration detention and requests immediate release. (Def.'s § 2241 Petition at 2.) On May 29, 2019, Magistrate Judge Leung recommended that the Petition be denied without prejudice. (R&R at 7.) Petitioner timely objected. On June 28, 2019, Respondent replied to Plaintiff's Objections [Doc. No. 19].

**II.     Analysis**

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

A person detained by the government may file a petition for a writ of habeas corpus to challenge the legality of his confinement and, if successful, obtain his

release. *See Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973). Under 28 U.S.C. § 2241, federal courts have jurisdiction to hear habeas challenges to the lawfulness of immigration-related detentions. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may not review a discretionary decision made by immigration authorities, but it may review immigration-related detentions to determine if they are constitutional. *Id.* at 688.

"Pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a), "[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in [8 U.S.C. § ] 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)." 8 U.S.C. § 1226(c)(1)(B). During this pre-removal period of time, pursuant to the authority granted in 8 U.S.C. § 1226(c), the Attorney General may release the alien pending the final removal decision only in limited circumstances. *See* 8 U.S.C. § 1226(c)(2).

8 U.S.C. § 1231(a)(1) provides that: "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." Pursuant to 8 U.S.C. § 1231(a)(1)(B), the removal period begins on the latest of the following: (1) the date the order of removal becomes administratively final, (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Typically, the government holds the alien in custody during the removal period. *Zadvydas*, 533 U.S. at 682. If the alien is removable for, among other reasons, committing an aggravated felony or a crime involving moral turpitude, then the Government may detain the alien beyond the initial removal period or impose conditions of supervision under Section 1231(a)(3). 8 U.S.C. § 1231(a)(6) (citing 8 U.S.C. § 1227).

In 2001, in *Zadvydas*, the United States Supreme Court decided whether § 1231(a)(6), and the above regulations created pursuant to that statute, "authorize[] the Attorney General to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." 533 U.S. at 682. The Court read an implicit limitation into the statute because of the "serious constitutional problem" that would be raised by permitting indefinite detention of an alien. *Id.* The Court found that "nothing in the history of these statutes . . . clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention." *Id.* at 699. Therefore, the Supreme Court concluded that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. *Id.*

Detentions ordered under Section 1231(a)(6) are presumed constitutional for six months. *Id.* at 701. For the government to hold an alien any additional period after the first six months of detention, the government must rebut with sufficient evidence a showing "that there is no significant likelihood of [the alien's] removal in the reasonably foreseeable future." *Id.* In this context, what constitutes the "reasonably foreseeable future" shrinks as the total period of post-removal confinement grows. *Id.*

Petitioner in this case has been in post-removal detention for more than six months; in fact, he has been in detention for well over one year. At this point, Magistrate Judge Leung recommends that the Petition be denied, as Petitioner has not met his burden to establish a good reason to believe that there is no likelihood of removal in the reasonably foreseeable future, as required under *Zadvydas*, 533 U.S. at 701. However, Magistrate Judge Leung recommends that the Petition be denied without prejudice, allowing a renewed challenge if Petitioner is not removed soon. Petitioner objects to Magistrate Judge Leung's recommendation because he argues that the Liberian Embassy "is unwilling to issue [P]etitioner's travel document due to his pending civil matter [in federal court]." (Obj. at 4)

On June 25, 2019, ICE contacted the Embassy of Liberia to address the delay in the issuance of Petitioner's travel documents. (Second Decl. of Angela Minner [Doc. No. 19] ¶ 2.) The Embassy has requested a second interview with Petitioner, which is currently being scheduled. (*Id.* ¶ 3.) The Embassy has indicated that travel documents should be forthcoming. (*Id.* ¶ 6.) The record shows that the Government has been able to regularly remove detainees to Liberia and that Liberia is cooperating with the United States in the issuance of travel documents. (Decl. of Angela Minner ¶ 38–41.)

These circumstances are sufficient to show a significant likelihood of removal at this time. *See Jaiteh v. Gonzales*, No. 07-cv-1727, 2008 WL 2097592, at *2–3 (D. Minn. Apr. 28, 2008) "[M]ere delay" is insufficient to warrant an inference "that a deportable alien will never be accepted by his native country." *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1367 (N.D. Ga. 2002). As such, Petitioner is not entitled to relief at this time.

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections [Doc. No. 17] are **OVERRULED**;

2. Magistrate Judge Brisbois's Order [Doc. No. 16] is **ADOPTED** in its entirety; and

3. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: July 16, 2019　　　　　　　　　　　　s/Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　　　　　United States District Judge